UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| CAIN FIELD NURSERY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 4:09-cv-98 |
| v. ) | *Lee* |
| ) | |
| SUZANNE NORTH, individually and d/b/a ) | |
| Summitville Crop Insurance Agency, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This action, asserting state law contract and tort claims against an insurance agency and individual insurance agents, was removed to this Court from the Circuit Court for Grundy County, Tennessee on September 22, 2009. Defendants' Notice of Removal states that removal is proper pursuant to 28 U.S.C. § 1331, as the case arises under federal question jurisdiction by virtue of the Federal Crop Insurance Act, 7 U.S.C. § 1501 *et seq.* [Doc. 1 at PageID#: 2]. Plaintiffs did not file a timely motion seeking remand. The Court, however, is under a continuing obligation to ensure it has subject matter jurisdiction over the cases before it and can raise the issue of jurisdiction *sua sponte* at any time during the pendency of a case. *See Answers in Genesis of Ky., Inc. v. Creation Ministries Intern., Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *see also* 28 U.S.C. § 1447 ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The Court has recently become aware of various cases holding that state law claims against a private insurance company, insurance agency, or insurance agents, do not properly fall under the Court's federal question jurisdiction *even if* the subject insurance policy was issued pursuant to the Federal Crop Insurance Act ("FCIA"). *See Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668-70

(9th Cir. 1993) ("a review of the FCIA and its legislative history uncovers no congressional intent that claims against insurance agents for the agents' own errors or omissions are to be deemed to create federal-question jurisdiction"); *Bullinger v. Trebas*, 245 F. Supp. 2d 1060, 1066 (D.N.D. 2003) ("neither 7 U.S.C. § 1508(j)(2) nor any other provision of the Federal Crop Insurance Act creates a federal cause of action against a private reinsured company"); *Agre v. Rain & Hail LLC*, 196 F. Supp. 2d 905, 913 (D. Minn. 2002) ("The mere fact that a case touches on questions of federal law–here crop insurance–does not alone provide this Court with subject matter jurisdiction"); *O'Neal v. CIGNA Property & Cas. Ins. Co.*, 878 F. Supp. 848, 850-52 (D.S.C. 1995) (claims against the insurance agency and insurance provider were not completely preempted by the FCIA such that they had to be filed in federal court); *Horn v. Rural Community Ins. Servs.*, 903 F. Supp. 1502, 1506 (M.D. Ala. 1995) ("The question. . . is whether there was an intent on the part of Congress to so pervasively regulate the field of crop insurance, that the FCIA completely preempts the field, rendering any claim federal in nature"); *see also Hyzer v. Cigna Property Cas. Ins. Co.*, 884 F. Supp. 1146, 1149-53 (E.D. Mich. 1995) (finding no federal question jurisdiction in case against individual insurance agents arising under the FCIA and remanding claims to state court); *Ehler v. Empire Fire & Marine Ins. Co.*, No. 5-93-CV-48, 1993 WL 778122, at *1-2 (W.D. Mich. 1993) (finding no federal question jurisdiction over case which arose under the FCIA but involved only the insurance company and insurance agency). *But cf. Owen v. Crop Hail Mgmt.*, 841 F. Supp. 297 (W.D. Mo. 1994) (FCIA completely preempts state law and insurance company can properly remove case to federal court); *Brown v. Crop Hail Mgmt., Inc.*, 813 F. Supp. 519 (S.D. Tex. 1993) (same).

If the instant case does not arise under federal question jurisdiction and if diversity jurisdiction does not exist, then the Court does not have subject matter jurisdiction over the case.

Accordingly, the Court **ORDERS** the parties to brief the following question: does the Court have subject matter jurisdiction over the claims asserted in this matter? These briefs must be filed on or before **Friday, January 6, 2012**, and may be no longer than 10 pages. If a party elects to file a responsive brief, it must be filed within 14 days of the other party's brief and may be no longer than 10 pages. No replies will be permitted.

    SO ORDERED.

    ENTER:

                                                 s/ *Susan K. Lee*
                                                 SUSAN K. LEE
                                                 UNITED STATES MAGISTRATE JUDGE